J-S16026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS MAURICE BROCKINGTON | |
| Appellant | No. 2306 EDA 2015 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002227-2015

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 12, 2016**

Douglas Maurice Brockington appeals from the judgment of sentence imposed June 11, 2015, in the Bucks County Court of Common Pleas. Brockington was sentenced to an aggregate term of 33 to 84 months' imprisonment, following his guilty plea to charges of terroristic threats and simple assault.[1]  On appeal, Brockington challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

The facts underlying Brockington's guilty plea were summarized at the plea hearing as follows:

> The victim in this case, who is present in the courtroom, is Ms. Tammi Bresnen.  She resides … in Morrisville, Pennsylvania. [Brockington] is her fiancé and was at the time, on the date of this offense.

---

[1] 18 Pa.C.S. §§ 2706(a)(1) and 2701(a)(1), respectively.

On March 21, 2015, while she was at home with [Brockington], they got into an argument, at which point [Brockington] – this occurred at two different times throughout the day, Your Honor, once in the morning and then again when Ms. Bresnen returned home from work.

During those two separate – that continuous argument, depending on how you want to look at it, [Brockington] assaulted her in the following ways: He threw a remote control at her hands, which caused an injury to her left hand and that it caused swelling and bruising. He punched her multiple times in the head and pushed her head into a wall, causing a hole in the wall. He punched her multiple times in the abdomen. He threatened to cut her with a knife. He grabbed a golf club at one point and threatened her.

He told her that if she went to the police he would hurt her or have someone else hurt her for him.

N.T., 6/11/2015, at 9-10.

Brockington was subsequently charged with two counts of terroristic threats, and one count each of simple assault, harassment, and possessing an instrument of crime.[2] As noted above, on June 11, 2015, he entered a guilty plea to one count each of terroristic threats and simple assault, in exchange for which the Commonwealth withdrew the remaining charges.[3] The trial court proceeded to sentence Brockington that same day to a term

---

[2] **See** 18 Pa.C.S. §§ 2706(a)(1), 2701, 2709(a)(1), and 907(a), respectively.

[3] During the guilty plea/sentencing hearing, the prosecutor also stated that "[as] a result of [Brockington] pleading open today, the Commonwealth has agreed not to pursue intimidation, hindering, and charges of obstructing governmental administration." N.T., 6/11/2015, at 32. Although the record does not identify the facts supporting these proposed charges, we presume they were based upon Brockington's harassment of the victim while he was incarcerated. **See infra**.

of 12 to 24 months' imprisonment for simple assault, and a consecutive term of 21 to 60 months' imprisonment for terroristic threats. The sentence imposed for terroristic threats was in the aggravated range of the sentencing guidelines.

On June 19, 2015, Brockington filed a timely post-sentence motion seeking reconsideration of his sentence. The trial court denied Brockington's motion, and this timely appeal followed.[4]

On appeal, Brockington raises two challenges to the discretionary aspects of his sentence. First, he contends the trial court abused its discretion when it failed to properly consider mitigating circumstances – in particular the testimony of the victim and Brockington's voluntary participation in several rehabilitation programs - before imposing an aggravated range sentence for his conviction of terroristic threats. *See* Brockington's Brief at 15-16. Second, Brockington argues the trial court's decision to run his sentences consecutively led to a manifestly excessive sentence in light of the nature of the offense, the impact on the victim, the protection of the public, and his own rehabilitative needs. *See id.*

---

[4] The trial court ordered Brockington to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Brockington complied with the court's directive, and filed a concise statement on August 17, 2015.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Brockington complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether Brockington raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009)

(citation omitted). "[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." ***Commonwealth v. Rhoades***, 8 A.3d 912, 918-919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S.Ct. 1746 (U.S. 2012). However, an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors[,]" does present a substantial question for our review. ***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015), *quoting* ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 (Pa. Super. 2013) (*en banc*), *appeal denied*, 91 A.3d 161 (Pa. 2014). Moreover, a claim that the trial court imposed an aggravated range sentence without placing adequate reasons on the record, also raises a substantial question. ***Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004), *appeal denied*, 881 A.2d 818 (Pa. 2005), *cert. denied*, 546 U.S. 1095 (2006). ***See also*** 204 Pa.Code § 303.13(c) ("When the court imposes an aggravated or mitigated sentence, it shall state the reasons on the record and on the Guideline Sentence Form, a copy of which is electronically transmitted to the Commission on Sentencing in the manner described in § 303.1(e).").

Finally, while a challenge to the imposition of consecutive versus concurrent sentences generally does not raise a substantial question, such a claim may be addressed when the defendant alleges the "aggregate

sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Moury***, 992 A.2d 162, 171-172 (Pa. Super. 2010). Therefore, because we find Brockington's claims nominally raise a substantial question, we proceed to an examination of his arguments on appeal.

When considering a challenge to the discretionary aspects of sentencing we must bear in mind the following:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

In its opinion, the trial court explained it specifically considered the mitigating factors Brockington cites, particularly, Brockington's testimony at the sentencing hearing regarding his voluntary participation in prison programs, the death of his son, his recent disability, and his remorse, as well as the victim's testimony supporting him. ***See*** Trial Court Opinion, 10/19/2015, at 4-5. However, the court also considered the fact that Brockington had three prior simple assault convictions in Pennsylvania, and

three prior domestic assault convictions in Vermont.[5] *Id.* at 5. In addition, at the time of the current offense, he was on probation for a charge of unauthorized use of a vehicle involving the same victim. *Id.* Nonetheless, the most damning evidence contradicting Brockington's expressions of remorse, and the victim's favorable comments, was the content of recorded calls Brockington made to the victim while incarcerated, and despite being subject to a non-contact order. The attorney for the Commonwealth summarized the content of those telephone calls as follows:

> [T]here have been upwards of 300 phone calls made by [Brockington], using his and other inmates' accounts to this victim. Myself and an intern in my office have listened to as many of these as we can over the last several weeks.
>
> [Brockington] has never until today expressed any amount of apology or sorrow or sympathy for Ms. Bresnen over what he did. Instead the content of these phone calls have been largely about that if she loved him she would come in and say she lied; that she shouldn't talk to the police about him; that she is worthless for having opened her mouth; that she is the reason he is where he is; that she shouldn't have gone to the hospital, she made too big of a deal out of it.
>
> And in discussing the event itself, he says that what he remembers about it is that she wouldn't – and I believe this is a direct quote – leave him the fuck alone when he told her to.
>
> He has controlled her throughout this process since the time of the preliminary hearing. He controls who she's permitted to speak with, who she's not allowed to talk to, including counselors at Women's Place and Nova.

---

[5] The domestic assault convictions in Vermont involved a different victim. *See* N.T., 6/11/2015, at 16.

He has yelled at her for going to the gym when he told her to come home. He has called her 19 times in a row when she doesn't answer right away. And I know because I was present during one of those meetings where she came in to speak with us and during that time he called her 19 times. And she wouldn't answer because she was speaking to me. She has gone back and relayed everything that we talked about despite knowing that I was aware of these phone calls.

He has done everything in his power to manipulate this process so that we – she would come on the stand, either not show up at all or come on that stand on a trial and lie for him. …

N.T., 6/11/2015, at 26-28.[6] Therefore, the trial court was well within its discretion in discounting the victim's supportive testimony at the sentencing hearing. Moreover, the court also explained that given Brockington's "multiple opportunities to avail himself of resources to address his underlying issues, including a three to five year period of incarceration in a Vermont state correctional facility for domestic assault, … it was appropriate for the Court to give minimal value to [Brockington's] recent participation and completion of such programs." Trial Court Opinion, 10/16/2015, at 9-10. Accordingly, we find no abuse of discretion on the part of the trial court in imposing an aggravated range sentence on Brockington's conviction of terroristic threats.

Similarly, we conclude Brockington's assertion that the trial court abused its discretion in imposing his sentences to run consecutively fails.

_____

[6] Neither Brockington nor his attorney dispute the Commonwealth's allegations regarding the number or content of these phone calls.

Indeed, considering his prior record – which included numerous assault convictions - his post-arrest harassment of the victim, and his failure to avail himself of rehabilitative programs in the past, we do not agree with his contention that the aggregate sentence imposed by the trial court was excessive. Accordingly, we find Brockington is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2016